Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5376 | **DATE** | July 24, 2012 |
| **CASE TITLE** | Terrance Robinson (2011-1228173) vs. Cook County Department of Corrections | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $11.80 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. Summones will not issue at this time. The Court *sua sponte* appoints Donald Vogel of Scopelitis, Gaven, Light, Hanson & Feary, P.C., 30 West Monroe Street, Suite 600, Chicago, IL 60603, to represent plaintiff. Mr. Vogel is instructed to contact plaintiff and investigate his medical claims pursuant to counsel's Rule 11 obligation. Plaintiff shall submit a proposed amended complaint or other appropriate filing no later than sixty days after the entry of this order. The Clerk is requested to mail a copy of this order to Mr. Vogel. This case is set for status on September 12, 2012 at 9:00 a.m.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

     Pro se plaintiff Terrance Robinson, a Cook County Jail detainee, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and complaint for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 1).

     The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $11.80. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

     Turning to the initial review of the complaint, plaintiff alleges that he was wrongfully struck by a Skokie, Illinois police officer during an arrest on December 27, 2011. He appeared before a Illinois state

## STATEMENT

court judge two days later and mentioned his need for medical attention. The judge ordered that plaintiff should receive medical treatment when transferred to the Cook County Jail. Plaintiff did not receive medical treatment for his injuries for over ninety days despite his several requests and follow up court orders.

Plaintiff has properly limited this case to the lack of medical care, he has a separate suit regarding the alleged assault by the police officer before Judge Dow in *Robinson v. Jones*, No. 12 C 5375 (N.D. Ill.). *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 607 (7th Cir. 2007)) (instructing that unrelated claims against different defendants belong in separate lawsuits).

Plaintiff's allegation that he did not receive necessary medical care for his injuries for over ninety days states a deliberate indifference claim. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (per curiam) ("Even a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim for deliberate indifference."). However, plaintiff has named the Cook County Department of Corrections as the sole defendant. This is unacceptable because the Cook County Department of Corrections is not a suable entity. *Bustamante v. Cook County Dep't of Corr.*, No. 11 C 1595, 2011 WL 1344270, at *2 (N.D. Ill. Apr. 7, 2011) (citing *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993)); *see also Smith*, 666 F.3d at 1040. The proper defendants are the jail officers who allegedly ignored plaintiff's complaints regarding his injuries. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 ("[A] plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the constitution."); *Smith*, 666 F.3d at 1040.

If plaintiff does not know the names of the individuals who personally injured him he may name them as John or Jane Does. The plaintiff should be aware, however, that he cannot obtain damages from any defendants unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4. He cannot obtain service on Doe defendants, he must determine their names. To facilitate the identification of Doe defendants, Plaintiff may name a supervisor such as Sheriff Tom Dart, and once an attorney has entered an appearance on the supervisor's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the John and Jane Doe defendants who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the Doe defendants' identities, he may submit a proposed amended complaint that names the Doe defendants under their actual names. Summonses will then issue for service on the defendants who allegedly injured him and the supervisor will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the Does defendants as soon as possible. *See Jackson v. Kotter*, 541 F.3d 688, 696-97 (7th Cir. 2008); *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

In light of the seriousness of plaintiff's present allegations, the Court *sua sponte* appoints Donald Vogel of Scopelitis, Gaven, Light, Hanson & Feary, P.C., 30 West Monroe Street, Suite 600, Chicago, IL 60603, to represent plaintiff in this case in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.); *see also Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007) (en banc). Mr. Vogel is instructed to contact plaintiff and investigate his medical claims pursuant to counsel's Rule 11 obligation. Plaintiff's counsel is reminded that this case is limited to plaintiff's claims regarding the denial of medical care at the Cook County Jail following the alleged injury by the police officer. Plaintiff shall submit a proposed amended complaint or other appropriate filing no later than sixty days after the entry of this order. The Clerk is requested to mail a copy of this order to Mr. Vogel. This case is set for status on September 12, 2012 at 9:00 a.m.